IN THE UNITED STATES COURT OF FEDERAL CLAIMS

———————

No. 23-376 T
(Judge Molly R. Silfen)

———————

CARL BILDNER AND LINDA BILDNER,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

———————

**ANSWER**

———————

Defendant the United States of America, through its attorneys, hereby answers Plaintiffs'

Complaint (Dkt. 1).  Any allegation not specifically admitted below is denied.  In response to the

particular paragraphs in Plaintiffs' Complaint, the United States further:

1.     Lacks knowledge or information sufficient to form a belief as to the truth of

Paragraph 1.

2.     Admits the United States is the defendant in this case.

3.     Admits that to the extent jurisdiction exists in this case that jurisdiction would be

under 28 U.S.C. § 1491.

4.     States that Paragraph 4 is merely Plaintiffs' characterization of their suit, to which

no response is required.

5.     Admits Plaintiffs filed a tax return with the Internal Revenue Service (IRS) for tax

year 2016 on or about October 17, 2017.

1

6.      Admits that on March 18, 2019, the IRS determined a deficiency for Plaintiffs'

tax year 2016, but denies that a Form 4549 was filed with the Complaint as Exhibit A.  Rather,

the Exhibit filed with the Complaint consists of Plaintiffs' Form 1040X and accompanying

"Statement and Explanation for Form 1040X Tax Year 2016."

7.      Admits the IRS determined Plaintiffs owed a $282,441.00 income tax deficiency

for tax year 2016 and a related $56,488.20 penalty per I.R.C. § 6662(a).

8.      Admits the taxpayer identification number stated in Paragraph 8 but otherwise

lacks knowledge or information sufficient to form a belief as to the truth of the allegations

therein.

9.      Admits an IRS audit increased Plaintiffs' taxable income for tax year 2016 by

disallowing business expense deductions claimed for Bildner Equity Corp. (BEC) but denies this

was done "erroneously."

10.     Admits an IRS audit increased Plaintiffs' taxable income for tax year 2016 by

disallowing business expense deductions claimed for BEC.  Otherwise lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11.     Lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 11.

12.     Admits the IRS's records reflect receipt of a $370,957.35 payment by Plaintiffs

on April 10, 2019.  Otherwise lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 12.

13.     Admits the allegations in paragraph 13.

14.     Lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 14.

15.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.     States that Paragraph 20 consists of legal conclusions to which no response is required.  To the extent Paragraph 20 is construed to contain purely factual claims, the United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

21.     Lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 21.  Otherwise states that Paragraph 21 contains legal conclusions to which no response is required.  To the extent any response is required, the United States denies the allegations therein.

22.     Lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.     Admits that after an audit the IRS disallowed business expense deductions Plaintiffs claimed for BEC because the IRS determined those expenses were allegedly incurred by the separate entity Bildner Capital Corp (BCC).  Otherwise states that it lacks knowledge or

information as to what business expenses were in fact paid by BEC, BCC or any other entity

Plaintiffs claim to have controlled in tax year 2016.

24.     Admits an IRS audit reduced Plaintiffs' itemized deductions for tax year 2016 by

$22,282.00 but denies the IRS's actions were "erroneous."

        Count 1

25.     Incorporates by reference its responses to Paragraphs 1–24 of Plaintiffs'

Complaint.

26.     States that Paragraph 26 is merely Plaintiffs' characterization of their suit, to

which no response is required.

27.     Denies the allegations in Paragraph 27.

28.     Admits the IRS disallowed business expense deductions Plaintiffs claimed for

BEC because the IRS determined those expenses were allegedly incurred by the separate entity

BCC.  Lacks knowledge or information sufficient to form a belief as to whether that was the

"sole basis" for disallowance but denies that the IRS's position was "without support."

29.     Denies the allegations in Paragraph 29.

30.     Lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 30.

31.     States that Paragraph 31 consists of legal conclusions to which no response is

required.  To the extent any response is required, the United States denies the allegations therein.

32.     States that Paragraph 32 consists of legal conclusions to which no response is

required.  To the extent any response is required, the United States denies the allegations therein.

33.     Admits the IRS assessed a $56,488.20 accuracy-related penalty on Plaintiffs for

tax year 2016 but denies it did so "erroneously."

34.     Lacks knowledge or information sufficient to form a belief as to the truth of the

factual allegations in Paragraph 34.  Otherwise states that Paragraph 34 consists of legal

conclusions to which no response is required.  To the extent any response is required, the United

States denies the allegations therein.

35.     Lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 35.

36.     Lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 36.

37.     Denies the allegations in Paragraph 37.

No response is necessary as to the remainder of the complaint because it is a prayer for

relief.  The United States denies all allegations not otherwise specifically admitted, qualified, or

denied, and respectfully requests that the United States be awarded costs and such other relief as

appropriate.

Dated: July 14, 2023                     Respectfully submitted,

                                         */s/ Alex Schulman*
                                         ALEX SCHULMAN
                                         Trial Attorney
                                         U.S. Department of Justice
                                         Tax Division
                                         Court of Federal Claims Section
                                         Post Office Box 26
                                         Ben Franklin Post Office
                                         Washington, D.C. 20044
                                         Telephone: (202) 514-0456
                                         Fax: (202) 514-9440
                                         Alexander.Schulman@usdoj.gov

                                         DAVID A. HUBBERT
                                         Deputy Assistant Attorney General
                                         DAVID I. PINCUS
                                         Chief, Court of Federal Claims Section

G. ROBSON STEWART
Assistant Chief

*/s/ G. Robson Stewart*
Of Counsel